## Case No. 2,637.

### In re CHENEY.

[19 N. B. R. 16.] [1]

District Court, E. D. Michigan. 1879.

POWERS OF REGISTER IN BANKRUPTCY—ADJOURN-
MENT OF MEETING OF CREDITORS.

1. A register has power to adjourn a meeting of creditors when, in his judgment, the interest of the whole body of creditors, or of sound policy, requires it.

2. Creditors, when duly convened, have power to choose assignees—to declare dividends—to consider and act upon propositions for a composition. But it is for the register primarily, or for the district judge, on the register's certificate, to determine when and what meetings shall be held. The register's discretion in such action will not ordinarily be interfered with. A register who, against the remonstrance of the bankrupt's counsel. adjourned a composition meeting in order that creditors might be afforded the option of electing an assignee, was *held* to have exercised a proper discretion.

In bankruptcy. The register certifies that this cause is pending before him under a general order of reference entered on the 2d day of February last; that in obedience to such general order of reference he entered an adjudication and issued a warrant to the marshal to give notice of a meeting of creditors for the choice of an assignee on the 28th day of March; that, accompanying said general order of reference, a special order of reference was delivered to him, directing him to call a meeting of creditors for the purpose of considering a composition to be proposed by said bankrupts; that he fixed the 28th day of March for such meeting, and gave notice accordingly; that the marshal returned the warrant, certifying thereon that he had caused printed notices to be given, and "that the notices to the creditors were withheld by order of solicitors;" that he stated to the meeting it would become his duty, under the provisions of section 5033, to adjourn the meeting and direct that a new notice be given as required. He further

---

[1] [Reprinted by permission.]

stated that he thought there was an important object in having both meetings held at the same time, and that unless objection was made he would adjourn the composition meeting to the day to be fixed for the choice of an assignee. Mr. Moore objected on behalf of the bankrupts, and Mr. Warner on behalf of the creditor he represented. No objection was made by Mr. Campau, representing the other two creditors, unless it was to be inferred from his silence that he assented to the objection made by Mr. Moore. These objections, in his judgment, presented a question for determination by the district judge. He therefore adjourned the composition meeting to the earliest day which, as agreed by the parties, would afford time to obtain the determination of the district judge, namely, to April 1st, and the meeting for the choice of an assignee to April 17th.

G. W. Moore, for bankrupts, presented the following points:

I. (1) In this cause, a "case in bankruptcy was pending," a voluntary petition having been filed by the insolvents. (2) The debtors filed a petition for a composition, and had called a meeting, in accordance with section 5103, Rev. St. (3) On receiving this petition the register, solely of his own motion, assumed the right to make, and had entered, an adjudication upon said petition, and called a meeting for the election of an assignee in the cause to be held the same day as composition meeting. (4) The warrant for the meeting to elect assignee was not served, for the reason that no deposit had been made to secure fees and costs. The marshal stating in his return, it was by order of the solicitors of the debtors.

II. At the day and hour appointed to consider the composition, the register, without request from any creditor or the debtors, refused to permit any proceedings to be had, for the reason that the warrant for the meeting for the election of an assignee had not been executed, and thereupon, solely of his own motion, proceeded to adjourn the meeting, against the objections of the debtors and creditors there represented.

To this the following objections are made by the debtors and all the creditors represented: (1) That the composition meeting and proceedings thereupon are absolute rights given by section 5103 of the Revised Statutes of the United States, the sole condition precedent being that "a case in bankruptcy shall be pending." (2) That a first composition meeting is between the creditors proving claims and the debtors, and the duty of the register is simply to preside and record the proceedings then and there had. (3) That the meeting to elect an assignee has no necessary connection with a meeting to consider composition, and the register erred in so ruling. (4) That in the absence of well-founded objection made by some creditors authorized to make it, the call for the meet-

ing having been regular, the refusal of the register to proceed was an arbitrary exercise of an assumed power, entailing needless and injurious delays and useless costs.

By HOVEY K. CLARKE, Register:

The question whether a register has power to adjourn a meeting of creditors, when, in his judgment, the interest of the whole body of creditors, or of sound policy, requires it, I should be willing to submit with the briefest possible statement of my views concerning it. I have supposed that it was unquestioned that, when presiding at a creditors' meeting, he has all the power of the court in conducting the meeting. So far as it concerns the acts which the law authorizes the creditors themselves to perform, he is simply their chairman. He takes and authenticates their votes. But when and where meetings of creditors shall be held, when they shall be adjourned, to what time, and for what reasons, these are questions which I have always supposed the creditors had no power to determine. As to these they were suitors only; not a court, as they are when electing an assignee, directing the amount of a dividend, or voting upon compositions. Questions of the order of proceeding, adjournment, and the like, primarily must be determined by the register, or, if any party requires, by the district judge, when presented to him by the register's certificate. Such has always been my practice, and so far as I know the practice elsewhere.

Other questions, however, in their practical application of much more importance than this, are presented by the issue raised before me, especially as they have been expanded by the "points" presented by Mr. Moore. These were prepared in response to my request that he should state in writing the grounds on which he denied the power of the register to adjourn the composition meeting with the object named, but they cover a wider field than I anticipated, not, however, without a proper bearing on the subject; and they require of me a fuller treatment than I supposed would be necessary when I authorized him to expect my certificate would be sent in to-day.

I have heretofore, and perhaps more than once, taken occasion to refer to what may be deemed the administrative duties of a register in bankruptcy. Beyond those which may be deemed judicial duties, he is required, as I suppose, to exercise a certain degree of supervision in the conduct of proceedings before him; he is to take care, especially in the important matter of notice to creditors, by every power which the law or general orders give him, that they are duly informed of all proceedings in which their rights or interests may be involved; and that he is not precluded from taking such action as will promote or secure their interest, because such action is not asked for by

the creditors who happen to be represented at the meeting. I think, therefore, that it does not strengthen the objection to the register's action in this instance that it was taken "on his own motion." This objection is first stated in the following form: "(3) On receiving this petition the register, solely of his own motion, assumed the right to make, and had entered, an adjudication upon said petition, and called a meeting for the election of an assignee in the cause to be held the same day as composition meeting."

The statement that the order of adjudication was entered on receiving the petition for the composition meeting under the provisions of section 5103, would probably not have been made if the record had been carefully examined. The adjudication was not made upon the petition for a composition meeting, but upon the general order of reference which was delivered at the same time with the special order, and which expressly directs the register to make adjudication thereon. It will further appear how unreasonable the allegation is that the call of a meeting for the election of an assignee was the assumption of a right by the register when section 5019 requires the warrant to be issued "forthwith," and general order IV. commits to the register the conduct of the proceedings.

Quite as unreasonable, I think, is the allegation that the refusal of the register to proceed to take the votes of the three creditors present upon the proposition for a composition "was an arbitrary exercise of an assumed power." The excitement of counsel must be great when he is unable to restrain the expression of such a charge as this, and with the deliberation also which putting it in writing implies; for if this was "an arbitrary exercise of an assumed power," the counsel who so charges has precluded himself from conceding that the register acted from a mistaken sense of duty. I should be sorry to think that this was intended, but I must be allowed to insist however, that if I have exceeded my duty it has been from no purpose or desire to wrong the bankrupts in this case. It so happens that I know nothing but good of either of them. I have no reason to doubt that their purpose to obtain a composition with their creditors is actuated by entirely honest motives. But I am unable to see that this should allow me to apply any other rule in the conduct of the proceedings, so far as I am able to control them, than I would apply to any and all similar cases. And this leads me to consider the reasons why I deem it important that creditors, when called to consider a proposition for a composition, shall have the alternative, if they choose to exercise it, of electing an assignee, either for the purpose of defeating the composition, or of obtaining the aid of an assignee appointed by themselves, by whose investigations they may be able to judge of the fairness of the offer.

There are, however, two preliminary considerations to be noted.

1. It requires but small observation of the course of composition cases in bankruptcy, to be convinced that the positive provisions of the law for the protection of creditors against unfair or dishonest compositions are few and weak; and it therefore becomes the duty of the court to exercise not only its power but its ingenuity in conducting the proceedings, so as to afford ample opportunity for the creditor to be heard, and under circumstances which will secure to them the freest action. The court, therefore, ought not to permit a practice, if the law affords power to prevent it, which will put the creditors at a disadvantage, the key to which is held in the hands of the bankrupt.

2. It must be expected that attorneys for bankrupts will seek to gain for them all advantages possible under the law; and if they can so load the issue or present embarrassing alternatives to operate in favor of their clients, of course they will do it. That is what they are employed for; and in some cases all they are employed for. It is the business of the court, as I view it, and especially of the register, to see that no sinister advantage is allowed to either party.

With these preliminary considerations in view, I think the court never will construe the language of section 17, Act 1874 [18 Stat. 182], § 5103a, which authorizes composition proceedings in cases where an adjudication has not been had, to require the entry of an adjudication in a voluntary case to be suspended, and all the proceedings consequent upon an adjudication in such a case as directed by sections 5019, 5033, and 5034 to be stayed. The clause, "whether an adjudication in bankruptcy shall have been had or not," could only have been intended for involuntary cases, to authorize composition proceedings in the interval between the filings of a petition for compulsory bankruptcy, while its allegations were denied, and the time was running for a hearing upon them. I do not understand that even in such a case, it is a statutory right of an alleged bankrupt to have a composition meeting called. That must be in the discretion of the court. But it is going much further to affirm that, in a voluntary case, it is the right of the bankrupt to have the proceedings which the statute directs suspended—such, for instance, as the requirement to issue the warrant "forthwith"—while the composition proceedings go forward. But the claim on behalf of the bankrupts here goes beyond even this. Their solicitor claims the right to countermand the order contained in the warrant to send notice by mail to the creditors named in it. Such is the return of the marshal as it stands. Nor is it substantially changed if the return be amended to show the bankrupts only refused to furnish the marshal with necessary fees to perform the service he was required by his warrant to render. That would be

only an indirect mode of accomplishing the fact just as it now stands in the return. And if the court have no other power to prevent this unauthorized interruption of the service of its process, it can at least prevent the advantage sought to be gained by such interference. How much this advantage is worth to a body of creditors—of having an alternative before them of choosing an assignee or accepting an offered composition—it may not be easy to estimate. I have seen cases where I thought it was highly appreciated; cases, too, where, by the investigation of an assignee, the composition offered was in the end accepted; another, where a proposition for a composition was withdrawn on the exhibition of opposition to it by the creditors, who immediately proceeded to the choice of an assignee, under whose management the dividend paid was more than double the composition offered. That there is an advantage to bankrupts seeking a composition to have that proposition presented by itself I am assured by the efforts made so to direct the proceedings that the meetings shall be separate; and the advantage is greatest when a composition meeting is held before the meeting for the choice of an assignee is called. There is an element of uncertainty in point of time as to when an assignee can be obtained, which operates to influence creditors to accept the composition offered, even while expressing dissatisfaction with it. I have observed that sometimes the effort to separate the meetings is attempted in one way, and sometimes in another. The saving of expense, which is alleged as the reason in this, as it has been in other cases, for holding the composition meeting first and by itself, does not strike me as entitled to the force which is assumed for it. That expense in this case, in addition to that actually incurred by a partial service of the warrant, would have been from eight to ten dollars. I am persuaded that attorneys for bankrupts seeking composition see, as I do, the advantage of this method of procedure. It is an advantage properly, perhaps, within their professional duty to their clients to gain if they can; as it is, in view of what I think to be the evils of it, and, as I understand my duty, to prevent it if I can, I am not sorry that the question has been presented, that the practice may be settled in this district; and that all officers of the court may be informed whether or not it is competent for them to accept from the attorneys of a bankrupt directions as to the manner of performing duties specifically directed by the statute or by the general or special orders of the court.

BROWN, District Judge. I think the register presents strong reasons why the ordinary proceedings in bankruptcy should not be stayed on account of the pendency of a petition for a composition. The cases of In re Proby [Case No. 11,439], and In re Holmes [Id. 6,632], are authorities for holding that the register has power to adjourn a meeting, and, in view of the facilities for fraud afforded by composition proceedings, I am not disposed to deny the power or interfere with the discretion of the register in directing a meeting at which the creditors may exercise their option of accepting a composition or electing an assignee.

In issuing a warrant "forthwith," the register simply obeyed the mandate of the law (section 5019), and I am loth to say that the bankrupt may defeat the election of an assignee, and at the same time compel the creditors to pass upon the propriety of a composition, by neglecting to provide for the expense of serving the warrant.

There may be cases where the absence of all suspicious circumstances, and the probable rapid depreciation of property, may suggest to the register the propriety of overlooking the mistake of counsel, and of holding the composition meeting before the general meeting called for the election of an assignee, but I would not interfere with his discretion in that regard. The order and opinion of the register are affirmed.